UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE UNITED STATES OF AMERICA, for the use and    Index No: 08 CIV 4379 (MGC)
benefit of J.P.R. Mechanical, Inc.,

**ANSWER**

Plaintiff,

-against-

HUMPHREYS & HARDING, INC. and LIBERTY
MUTUAL INSURANCE COMPANY, as surety,

Defendants.

------------------------------------------------------------------X

HUMPHREYS & HARDING, INC. ("H&H") and LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), by their attorneys, Peckar & Abramson, P.C., for their answer to the complaint state as follows:

## PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Complaint, except deny that H&H's prime place of business is located at 755 Second Avenue, New York, New York.

3. Admit the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

## AS TO THE FIRST CLAIM

6. Defendants repeat the responses set forth in paragraphs 1 through 5.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that H&H entered into a written contract to perform work at the Federal Hall National Memorial located at 26 Wall Street, New York, New York (the "Project") and refer the Court to such agreement for its true terms and conditions.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that H&H and Liberty executed a payment bond in relation to the Project and refer the Court to such bond for its true terms and conditions.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that H&H and JPR Mechanical, Inc. entered into a subcontract in relation to work to be performed at the Project and refer the Court to such sub-agreement for its true terms and conditions.

10. Deny the allegations contained in paragraph 10 of the Complaint except admit that change orders were entered into by defendant H&H and use plaintiff.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraphs 12 of the Complaint.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.


LAW OFFICES
Peckar &
Abramson
A Professional Corporation

17. Deny the allegations contained in paragraph 17 of the Complaint.

## AS TO THE SECOND CLAIM

18. Defendants repeat the responses set forth in paragraphs 1 through 17.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred in whole or in part because plaintiff has been paid by defendants for the fair and reasonable value of any and all work, labor, materials and services furnished, performed and rendered by it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred in whole or in part by reason of plaintiff's material breaches of its sub-contractual obligations to H&H.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Upon information and belief, plaintiff's claims are exceeded and, thereby, offset and extinguished by liabilities of plaintiff to H&H for damages resulting from plaintiff's material breaches of its sub-contractual obligations to H&H.


LAW OFFICES
Peckar & Abramson
A Professional Corporation

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff failed to furnish materials and render services in a timely fashion on the Project. By reason of plaintiff's failure and refusal to perform its obligations to H&H, Plaintiff's claims are subject to dismissal.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff is barred from the relief sought in the Complaint under the doctrines of estoppel, waiver or laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff is barred from the relief sought in the Complaint because conditions precedent to payment had not been met on the Project. By reason thereof, plaintiff may not maintain this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's allegations of the existence of, and the actual existence of, a contract between the parties precludes its claims sounding in quantum meruit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Any damages plaintiff may have sustained, the existence which are denied, were caused solely or substantially by the culpable conduct and/or omissions of plaintiff, its agents, employees, representatives, contractors, or consultants, not by defendants.


LAW OFFICES
Peckar & Abramson
A Professional Corporation

**WHEREFORE,** defendants demand judgment against plaintiff dismissing the Complaint, together with the costs and disbursements of the action and such other relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
      July 15, 2008

PECKAR & ABRAMSON, P.C.

By: _____
   Howard M. Rosen, Esq. (HR9443)
   Jeffrey R. Escobar, Esq. (JE9406)
   *Attorneys for Defendants*
     Humphreys and Harding, Inc. and
     Liberty Mutual Insurance Company
   41 Madison Avenue, 20th Floor
   New York, New York 10010
   (212) 382-0909

TO:   William J. Cortellessa, Esq. (WC 9955)
      SALON MARROW DYCKMAN NEWMAN & BROUDY, LLP
      *Attorneys for Plaintiff*
         J.P.R. Mechanical, Inc.
      292 Madison Avenue, 6th Floor
      New York, New York 10017
      Tel. (212) 661-7100

LAW OFFICES
Peckar & Abramson
A Professional Corporation